CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

AUG 05 2016

JULIA C. DUDLEY, CLERK
BY: /s/ HM
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal Case No. 4:14cr00014 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| PATRICK VINCENT CROWE, | ) | By: Jackson L. Kiser |
| Petitioner. | ) | Senior United States District Judge |

Petitioner Patrick Vincent Crowe, a federal inmate proceeding pro se, filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, challenging his 120-month sentence following a guilty plea. Crowe claims that he received ineffective assistance of counsel during plea negotiations and sentencing. The government filed a motion to dismiss, and Crowe responded, making this matter ripe for disposition. I conclude that Crowe's ineffective assistance of counsel claims fail to meet the exacting standard set forth in Strickland v. Washington, 466 U.S. 668, 669 (1984), and I grant the government's motion to dismiss.

I.

Crowe was charged in a two-count Information with theft and embezzlement from an employee benefit plan, in violation of 18 U.S.C. § 664 ("Count One") and willful failure to pay over withheld federal payroll taxes, in violation of 26 U.S.C. § 7202 ("Count Two"). These charges originated after Crowe purchased Southside Manufacturing Corporation and appropriated money that should have been deposited in an employee benefit pension plan and also failed to pay to the Internal Revenue Service ("IRS") taxes withheld from employees' paychecks.

Crowe obtained counsel who negotiated a written Plea Agreement pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure. Crowe agreed to plead guilty to Counts One and Two in exchange for a set sentence of 120 months' imprisonment. The Plea Agreement

stated that Crowe's counsel had informed him of the nature and elements of the charged offenses. (Plea Agreement at 1, ECF No. 6.) It also noted that his 120-month sentence took into account a violation of the terms of his supervised release in Florida, following a prior conviction for similar violations of the Employee Retirement Income Security Act and noted that there were "no state criminal charges pending or contemplated against" him. (Id. at 3.)

During his guilty plea hearing, Crowe affirmed that he had ample time to consult with counsel before signing the Plea Agreement and that he understood the charges against him. (Plea Hr'g Tr. at 5-6, 8, ECF No. 28.) Crowe further affirmed that he had no "complaints about the manner in which [his] lawyers ha[d] represented [him]." (Id.) I noted that Crowe faced a maximum penalty of five years' imprisonment on each of Counts One and Two. (Id. at 11.) Crowe stated that he understood and that he and the government had agreed "on a binding term of incarceration of ten years." (Id. at 12.) Crowe affirmed his understanding that by pleading guilty, he gave up his right to appeal and to collaterally attack his sentence except for matters that cannot be waived by law or that allege ineffective assistance of counsel. (Id. at 14.) I found that Crowe understood the nature and consequences of his actions and that his guilty plea was made voluntarily. (Id. at 17.) I sentenced Crowe to 120 months' imprisonment pursuant to Rule 11(c)(1)(C) and he did not appeal. (Id. at 16, 19.)

In his § 2255 motion, Crowe alleges that counsel provided ineffective assistance by: (1) failing to discuss with him all of the charges that he faced and potentially could face in state court; (2) failing to request discovery; (3) failing to present exculpatory evidence to the government during plea negotiations; (4) failing to object to the fact that he was selectively prosecuted; and (5) failing to argue that he was not guilty of most of the charged conduct because he was removed as president of Southside on September 13, 2013.

2

## II.

To state a viable claim for relief under § 2255, a petitioner must prove: (1) that his sentence was "imposed in violation of the Constitution or laws of the United States;" (2) that "the court was without jurisdiction to impose such a sentence;" or (3) that "the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. Crowe bears the burden of proving grounds for a collateral attack by a preponderance of the evidence. Jacobs v. United States, 350 F.2d 571, 574 (4th Cir. 1965).

## III.

Criminal defendants are entitled to "the effective assistance of competent counsel," McMann v. Richardson, 397 U.S. 759, 771 (1970), and the proper vehicle for raising an ineffective assistance of counsel claim is by filing a § 2255 motion. United States v. Baptiste, 596 F.3d 214, 216 n.1 (4th Cir. 2010). However, ineffective assistance claims are not lightly granted; "[t]he benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the [proceeding] cannot be relied on as having produced a just result." Strickland, 466 U.S. at 686. Accordingly, in order to establish a viable claim of ineffective assistance of counsel, a defendant must satisfy a two-prong analysis showing both that counsel's performance fell below an objective standard of reasonableness and establishing prejudice due to counsel's alleged deficient performance. Id. at 687. When considering the reasonableness prong of *Strickland*, courts apply a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689; Gray v. Branker, 529 F.3d 220, 228-29 (4th Cir. 2008). Counsel's performance is judged "on the facts of the particular case," and assessed "from counsel's perspective at the time." Strickland, 466 U.S. at 689, 690.

3

To satisfy the prejudice prong of Stickland, a defendant must show that there is a reasonable probability that, but for counsel's unprofessional error, the outcome of the proceeding would have been different. Id. at 694. A defendant who has pleaded guilty must demonstrate that, but for counsel's alleged error, there is a reasonable probability that he would not have pleaded guilty and would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 59 (1985). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694.

### A. Knowing and Voluntary Waiver

Crowe first argues that counsel failed to adequately explain the charges against him. Specifically, he claims that he was under the impression that he would be facing state charges in addition to Counts One and Two. He claims that counsel induced him to plead guilty by suggesting that he was negotiating a global settlement that included Counts One and Two and any potential state charges. In fact, Crowe argues, no state charges were going to be filed against him because the state was not investigating him. Accordingly, Crowe asserts that his guilty plea was unknowing and involuntary and he would not have pleaded guilty had he known that he was not facing state charges.

Crowe's claim, however, lacks merit. It is clear from the correspondences that he attached to his § 2255 motion that counsel, along with the Assistant United States Attorney ("AUSA"), were in contact with the Commonwealth's Attorney to negotiate a "global resolution" to the criminal exposure he faced. (Ex. 7 & 8, § 2255 Mot. at 8, 9, ECF No. 31-1.) The Commonwealth's Attorney noted that he did not have an objection to a proposal global settlement and also stated "at this time I do not have an intention of charging Mr. Crowe with any offense." (Id. at 9.) However, Crowe cannot be certain that state charges would never have

4

been brought against him. The global settlement ensured that the Commonwealth's Attorney would not pursue state charges against Crowe at a later date. Therefore, Crowe's assertion that his counsel misled him by suggesting that he was negotiating a global settlement is unavailing.

Moreover, Crowe's Plea Agreement memorializes that global settlement by providing that he "understood that there [were] no state criminal charges pending or contemplated against [him] in Pittsylvania County." (Plea Agreement at 3, ECF No. 6.) At the plea hearing, Crowe affirmed that he understood both the charges against him as well as the terms and consequences of the Plea Agreement. Absent clear and convincing evidence to the contrary, Crowe is bound by his representations at the plea hearing. See United States v. Lemaster, 403 F.3d 216, 221 (4th Cir. 2005) (holding that absent extraordinary circumstances, "allegations in a § 2255 motion that directly contradict the petitioner's sworn statements during a properly conducted Rule 11 colloquy are always palpably incredible and patently frivolous or false"). Because Crowe's counsel did negotiate for a global settlement, which was memorialized in Crowe's Plea Agreement, he cannot show that his counsel misled him or provided deficient performance. Strickland, 466 U.S. at 687.

**B. Discovery**

Next, Crowe argues that counsel provided deficient performance by failing to request discovery from the government. Crowe does not explain what evidence he expected the government to provide or what additional information would have come to light had a request been made. In fact, he admits that he cannot "allege how the materials could have changed the outcome" of his proceeding. (§ 2255 Mot. at 25, ECF No. 31.) General allegations that counsel failed to fully investigate are insufficient to support a finding of error. United States v. Dyess, 730 F.3d 354, 359 (4th Cir. 2013) (noting that "vague and conclusory allegations contained in a

5

§ 2255 petition may be disposed of without further investigation by the District Court") (internal quotation omitted); see also Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir. 1992) (noting that conclusory allegations that counsel failed adequately to investigate, without factual support, are insufficient to raise a constitutional issue or require an evidentiary hearing), overruled on other grounds by Gray v. Netherland, 518 U.S. 152, 165-66 (1996).

Moreover, the government provided charts detailing funds that Crowe diverted for personal use, deposits that Crowe received from Southside Manufacturing into his personal bank account, and lack of payments to insurance companies and the IRS on behalf of employees of Southside. (Ex. 3, 4 & 5 Statement of Facts, ECF No. 8-3, 8-4, 8-5.) These charts established the basis for the two charges against Crowe. Crowe obviously reviewed this evidence because, through counsel, he objected to the amount of funds that the government charged him with diverting. (Ex. 3 Gov't Resp. 1-2, ECF No. 39-3.) Courts must review defense counsel's decisions regarding the investigation of a case "with an eye for 'reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments.'" Bunch v. Thompson, 949 F.2d 1354, 1363 (4th Cir. 1991) (quoting Strickland, 466 U.S. at 691). Accordingly, Crowe cannot establish that counsel's performance fell below an objective standard of reasonableness. Strickland, 466 U.S. at 687.

### C. Exculpatory Evidence

Next, Crowe argues that counsel failed to offer any exculpatory evidence to the government. He maintains that he sent three detailed emails to counsel explaining his actions at Southside. In addition, he gave counsel a rebuttal to the government's loss calculations. Presumably, Crowe believes that if counsel had provided this information to the government, the

6

government would have been willing to accept more beneficial terms in the Plea Agreement. However, Crowe's argument is unavailing.

First, counsel presented an alternate plea agreement to the government, in which Crowe agreed to plead guilty to one count of failing to pay taxes in the amount of $98,576, in violation of 26 U.S.C. § 7202. (Ex. 12 § 2255 Mot. at 15, ECF No. 31-1.) As part of these plea negotiations, counsel raised several defenses, including that someone else took over running Southside after Crowe and that Crowe was not responsible for all of the fraud and failed tax payments. The government rejected that plea offer and outlined the evidence it had accumulated during its investigation to support the two-count Information. (Ex. 13 § 2255 Mot. at 17-18, ECF No. 31-1.)

Ultimately, Crowe agreed to plead guilty to the government's terms, which included a sentence of 120 months' imprisonment. After signing that Plea Agreement, counsel presented the government with additional information regarding Crowe's detailed loss explanation. (Ex. 3 Gov't Mot. at 1-2, ECF No. 39-3.) As a result, the government cut its loss calculation almost in half. (Ex. 20 § 2255 Mot. at 58, ECF No. 31-1.) Ultimately, the loss calculation had no bearing on Crowe's sentence because he had agreed to the 120-month sentence in his Rule 11(c)(1)(C) Plea Agreement. It is clear from the record that counsel did present exculpatory evidence to the government. Moreover, Crowe had an opportunity to express displeasure with his counsel or the Plea Agreement at the plea colloquy. Instead, he stated that he had reviewed the Plea Agreement and was satisfied with his representation. As a result, Crowe cannot establish that his counsel failed to present exculpatory evidence or that counsel provided deficient representation. Strickland, 466 U.S. at 687.

7

### D. Selective Prosecution

Next, Crowe argues that counsel failed to object to the fact that he was being prosecuted for tax fraud when only a fraction of those who commit such crimes are criminally charged. The Due Process Clause does not allow the government to prosecute a criminal case based on an "unjustifiable" factor, such as race, religion, or the exercise of a constitutional right. United States v. Armstrong, 571 U.S. 456, 464 (1996). However, absent a clear and substantial showing of such impermissible conduct, the government's decision to prosecute is presumed to be motivated by proper considerations. Id.; see also United States v. Hastings, 126 F.3d 310, 313 (4th Cir. 1997) (noting that "[a] criminal defendant bears a heavy burden in proving that he has been selected for prosecution in contravention of his constitutional rights"). "The Attorney General and the United States Attorneys retain broad discretion to enforce the Nation's criminal laws." Armstrong, 571 U.S. at 464 (internal quotation marks omitted).

Crowe does not even make a bare allegation that he was prosecuted based on a discriminatory purpose. The government made clear that it was prosecuting him because he had been convicted of very similar conduct previously, and began the process of purchasing Southside less than 30 days after he was released from incarceration. (Ex. 13 § 2255 Mot. at 17-18, ECF No. 31-1.) Therefore, Crowe's selective prosecution argument lacks merit, and counsel was not deficient for failing to raise it. Strickland, 466 U.S. at 687.

### E. Elements of Charged Conduct

Finally, Crowe asserts that counsel rendered ineffective assistance by not arguing that Crowe was removed as president of Southside on September 13, 2013. Accordingly, Crowe claims that the losses attributable to him should have ended on that date instead of continuing through the closing of Southside on December 31, 2013. This argument is couched as a claim

8

for ineffective assistance of counsel, but it is really an attempt to challenge the evidence against him. This argument, too, must fail.

The government knew that Crowe had been removed from management at Southside on September 13, 2013, and this information is set forth in the Statement of Facts filed by the government in this case. (Statement of Facts ¶¶ 2, 14, ECF No. 8.) The government also provided evidence in the Statement of Facts that after September, Crowe continued to conduct business on Southside's behalf, contacted vendors, and received payroll checks and other deposits from Southside. (Id.) The government provided Crowe with a copy of the Statement of Facts before he pleaded guilty, which Crowe carefully reviewed. Nonetheless, Crowe pleaded guilty to the charges, and the Information provided that the conduct at issue extended through December 2013. (Information at 2, ECF No. 1.) He stated at his plea colloquy that he understood the charges against him and that he had ample opportunity to review the Plea Agreement with his counsel. Because Crowe testified that he understood the charges against him, which specifically included conduct spanning all of 2013, he cannot successfully argue now that the charges were too broad. See Blackledge v. Allison, 431 U.S. 63, 74 (1977) (concluding that a court cannot ignore a petitioner's "solemn declarations in open court"). Moreover, the record indicates that Crowe was properly held accountable for conduct occurring at Southside after he was removed as president because he continued to be involved in the running of the business. Therefore, Crowe cannot establish that counsel provided deficient performance by not asserting that Crowe should be charged for conduct only up until September 13, 2013. See Yarborough v. Gentry, 540 U.S. 1, 5-6 (2003) (concluding that "counsel has wide latitude in deciding how best to represent a client, and deference to counsel's tactical decisions" must be afforded).

9

Accordingly, I conclude that Crowe has not shown that counsel's performance was deficient. Strickland, 466 U.S. at 687.

## IV.

For the reasons stated, I grant the government's motion to dismiss and dismiss the motion to vacate, set aside, or correct sentence. Based upon my finding that Crowe has not made the requisite substantial showing of a denial of a constitutional right as required by 28 U.S.C. § 2253(c), a certificate of appealability is denied.

**ENTER:** This 5th day of August, 2016.

*Jackson L. Kiser*
Senior United States District Judge

10

Case 4:14-cr-00014-JLK   Document 44   Filed 08/05/16   Page 10 of 10   Pageid#: 503